We have five argued cases this morning, and we'll take a short recess after the first case, and that is No. 17-1325 Mullins v. Wilkie. Mr. Carpenter. Thank you, Your Honor. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Mullins. Nice to see you looking so well, Mr. Carpenter. Thank you very much, Your Honor. A nexus opinion, or an opinion questioning whether there is or is not a relationship between a post-service disability and an injury, event, or disease which occurred in service, is just that. It's an opinion. It is a binary choice between a relationship or a non-relationship. This appeal seeks a rule of law for determining the proper method for consideration of conflicting expert medical opinions on the issue of nexus. If we had a situation here in which the Board or the Veterans Court had said, we're going to give the same weight to every opinion regardless of the credentials and qualifications of the person, it would seem to me that you might have an argument that there was something wrong with that. But I don't see that either the Board or the Veterans Court said anything like that. Well, no. What the Veterans Court did, however, was to expressly reject that argument and reject consideration of whether or not there should be such an argument. And I believe under this Court's jurisprudence that when an issue of law is presented and the Veterans Court elects not to address it, that that does not preclude this Court from addressing it. Now, clearly, this Court can, in its discretion, choose not to address it. I don't dispute that. And, yes, there could have been a better set of circumstances in which to raise the issue. But for Mr. Mullins, he was in a situation in which he had an extremely experienced and credentialed physician offer. That is Dr. Isaacs? Yes. But Dr. Isaacs, within three months, offers two opinions. In February 2003, he says in the records, he wonders if his entry is service-related. His records from the service are sparse. It is difficult to tell with any certainty whether his symptoms now have any relationship to the injury he sustained in January of 1957. And then in May of the same year, he says more likely than not, his symptoms were derived from a service-related injury. And certainly the board and the VA pointed out in their respective decisions that that was problematic. And why should we believe, you know, you're saying he's a highly respected doctor, but even leaving aside the contradicting testimony, his own testimony is suspect. Well, with respect, Your Honor, I don't believe that that's the case here. What we have is a doctor who's simply being candid about the record and the difficulty that is presented any time any expert is asked to draw a conclusion about the relationship between an event that happened while on active duty and a post-service disability. Why couldn't the VA and the board look at that and say, well, geez, this is conflicting, and, you know, you're arguing this interpretation of it, but we take this other interpretation, it's a question of fact, and therefore we don't believe him? And I would suggest, Your Honor, where the credentials are comparable, that is the general rule, and that is the rule that should be followed. But in the context of both a nexus opinion and where there is a clear disparity between the credentials of one expert versus the credentials of another. We're talking here about an expert who has got a... But if he's not a believable expert, what's the point? I mean, how do you get your question along if, as a matter of fact, they look at him and say, we just don't believe this fellow? Well, Your Honor, I don't believe it was that cut and dry. He gave an opinion saying that it would be difficult to arrive at a decision. Then the criteria was explained to him under the standards on the VA that he doesn't have to give an opinion to a degree of medical certainty. He merely has to give an opinion as to whether it is at least as likely as not. And he went further than that and said that it was more likely than not. What's the statutory hook for your rule of law? Is there a statutory hook for your rule of law? I believe there is, Your Honor, and I think that is the benefit of the doubt rule under 5121 and 3.102 of the Code of Federal Regulations because they both, as the Supreme Court has recognized and this Court has recognized, engulfs that in close or uncertain cases, the VA should be guided by the principle underlying this uniquely proclaimant system. I guess I'm trying to understand how that benefits the doubt rule. That's a situation where you might have circumstances where there are strong arguments on both sides, there are strong credentials on both sides, but what you're saying is that means as a matter of law, you have to do an objective analysis of the credentials and say whatever that person says goes. In the unique circumstance of offering a nexus opinion because a nexus opinion is simply a binary choice between an opinion that something is related to service versus an opinion that something is not related to service. All the VA's expert did was to draw the conclusion that she did not believe that there was a relationship. I understand that in this case, it's kind of easy to say one has more credentials than the other because on paper, it's pretty obvious that one has at least a different set of educational attainment than another. But what if you have a closer call? Who makes the decision which is better credentialed? You're asking for a presumption, right? You're asking for a presumption that the better credentialed person should have more weight. I think that is the way that it should be characterized and that the burden would then shift to rebut that presumption. But there's a presumption of competence and qualification. Yes. And there's no doubt that this witness under this court's rule is competent to offer that opinion. Did you object below to the competence of the medical examiner? No, we did not. Because under this court's rule, there isn't a basis in my view to make that objection because of the difference in... But Rizzo says that you have to make the objection below. If I wish to challenge the competency, what I wish to challenge is not that the witness is not competent to make that opinion, but simply when you've got competing or conflicting opinions on the very narrow issue of medical nexus... What about grades in medical school? Well, that goes to Judge O'Malley's question, and I think the response to that is that if it is a close call, then that call has to be resolved by the trier of fact. As Judge O'Malley is suggesting, I don't see where you get a presumption here. Surely it's true that the qualifications of the expert or the person making the medical assessment have to be taken into account. If the veterans court or the board said, we're not going to consider qualifications at all, you'd have a pretty good argument that that was an error of law. But where the presumption comes from that you would presume that somebody with better qualifications should be given more weight, it seems to me is difficult. I don't see where that comes from. It's not a standard approach in the district courts and medical malpractice litigation. There's no template for this. No, because we are in a uniquely non-adversarial system, and in that uniquely non-adversarial system, the benefit of the doubt is supposed to be resolved in favor of the veteran. Now, in the context of a nexus opinion where you have this wide disparity in credentials, there ought to be a rule that at least directs a presumption to be afforded that the greater credentialed expert opinion should be given greater weight unless that can be rebutted. Now, the fact that... What if the greater credentialed opinion came from the VA rather than from the veteran? And so how does a presumption against the veteran in those circumstances comport with your benefit of the doubt rule? Well, it does not comport, but if there is such a rule, the rule has to cut both ways. There can't be a rule that only favors one side or the other, although I think the presumption of competence comes very close to that. But regardless, it seems to me that the rule has to be fair and balanced in order to be an appropriate rule of law. But that's part of my problem, is if your hook for this rule of law is the benefit of the doubt rule, then it would seem that it can't be a presumption that goes both ways. Well, that's entirely possible. I may have to concede that point. But let me offer one more thing before I sit down. Mr. Mullins is in a position now in which as a result of this decision in which he lost on the basis of this adverse nexus opinion, that it is, for all practical purposes, not possible for him to reassert his claim. There is no way to produce new and material evidence on this. This is a fact that has been established, and the fact that you bring in another expert as new and material evidence is not going to give... But didn't they give Mr. Mullins' doctor an opportunity to fill some gaps in his opinion? Didn't they make it clear to him that there were some gaps in terms of the information or analysis done and give him an opportunity to fill those, and he didn't do it? Well, I don't recall that specifically that very well may be the case, but it's our position that he did that when he came forward with the second opinion, and it was that it was more likely than not, as opposed to his earlier observation about the difficulty of the task. I'll reserve the balance of my time. Okay, thank you, Mr. Carpenter. Ms. Bezek? Good morning. May it please the Court? Mr. Mullins' proposed rule is inconsistent with VA regulations, and in particular both the benefit of the doubt rule and the various both statutory requirements and regulatory requirements that the VA consider all of the evidence and all of the medical opinions and lay opinions in front of it. This rule seeks... Well, I think that's a hard sell. I mean, it may be that there's no authority for the rule he proposes, but it doesn't seem to me that it's directly contrary to the VA regulations. He's not saying that the evidence can't be considered. He's just arguing that there should be a presumption that the better credentialed person's opinion is given more weight. Your Honor, that could be the case. It's been a bit difficult to interpret exactly what the function of this rule would be. To the extent that Mr. Mullins is seeking a presumption that the better qualified medical expert should carry the day, it would seem run counter to the requirement that... Well, he's not saying it should carry the day. He's not saying that at all. He's saying that it should be presumed to have more weight. But, Your Honor, that would then require an affirmative rebuttal, which would run counter to the presumption that the VA's selected medical practitioner giving the opinion has provided an adequate and competent opinion. No, there's no presumption of adequacy. There's a presumption of competence. That's true, Your Honor, and that's part of his point, is that the VA gets this presumption of competency regardless of who they put up there, and yet there's no presumption that favors a veteran who puts up on a regular basis a far more qualified doctor. And, Your Honor, in this case, there is no suggestion that Dr. Isaac's opinions were not competent, but the VA weighed the probative weight of those opinions and weighed the probative weight of the opinion of the VA examiner, and both the board and the VA court found that, in this case, the examiner's opinion carried greater probative weight because she considered all of the evidence of record and because she addressed the finding at the veteran's exit exam that there was no back problem, the fact that there was a 30-year gap. She addressed all of these issues, and the board found her opinion more probative in this case. For instance, in the Social Security context, there is a presumption that if you have a treating physician that gives an opinion and you have a government assessment, that the treating physician's opinion controls unless there is absolutely no support for that opinion. And it's workable. They do it all the time. Why wouldn't a presumption like that only in this context be workable? Well, Your Honor, for the same reasons that this Court has rejected that specific rule in the veteran's context, the Court addressed that proposed rule in White and found, particularly in light of the very detailed and structured VA regulations that are established for veterans' claims, that it is the VA's place to establish how evidence is to be weighed, establish the types of evidence that is required, and how the board is to weigh that. Then the overlying strata is different between someone making a claim for current disability and someone making a claim for current disability based on long-past events. Certainly, Your Honor. We would simply point out that the record here does not support the rule that Mr. Mullins is seeking. And the rule itself, as has been pointed out in the preceding colloquy, doesn't necessarily adhere to the benefit-of-the-doubt rule. There are certainly situations where if this rule were imposed, it would create a presumption against the veteran. It does seem to run counter to the idea that the board is required to weigh the evidence and make the evidentiary determinations based on all of the evidence of record. And in this case, that is exactly what the board did and found that the veteran's medical expert did not have a more probative opinion. What would be the impact if there was such a rule that required, for example, the VA to rebut with an equally or more qualified person? Well, Your Honor, certainly there would be likely significant delay added to the process. As I believe Mr. Mullins described in his reply brief, he proposed that perhaps where there is a question of which expert, which medical opinion is most credentialed, another medical expert should be brought in and there should be a determination made specifically about the credentials of the experts. This process is already a slow one and this would certainly add additional time to it. And certainly in the instances where the VA's expert or the expert providing an opinion contrary to the veteran is more credentialed, it would be harmful to the veteran, where he or she would have to overcome the presumption. But in fairness, that's not usually the case, is it? I mean, the VA often uses nurse practitioners and non-physicians to do these assessments, whereas most of the veterans come in with opinions from actual doctors. Not that nurse practitioners aren't very competent,  usually it's going to be the veteran that has the more qualified, just on paper. That's entirely likely, Your Honor. It certainly isn't necessarily always the case and it also raises the question of whether you would be imposing some kind of monetary bar, where in order for the veteran to get this benefit, they would need to make sure that they are able to hire the expert that has the better credentials in any given case. Well, then it would also impose a cost on the government to provide those additional experts. That's absolutely true, Your Honor. If we end up getting into a battle of the experts, the cost would go up for everyone. For all of those reasons, the benefit of the doubt rule is already sufficiently keeping the veteran's interests in any given nexus determination protected and does not offer the same problems that this proposed rule would, so we would request that the veteran's court's decision be affirmed. Thank you. Thank you, Ms. Wiese. Mr. Carpenter? Your Honors, I realize you have a full calendar. Unless there are specific questions, I don't believe I have anything else to add. Okay. Thank you, Mr. Carpenter. I thank both counsel. The case is submitted, and we'll recess now for a few minutes.